IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LARRY DONNELL EVANS   #R9326**                                              **PETITIONER**

**V.**                                                                  **CIVIL ACTION NO. 3:15cv548-TSL-RHW**

**RON KING and STATE OF MISSISSIPPI**                                        **RESPONDENTS**

REPORT AND RECOMMENDATIONS

Before the Court are [1] the July 29, 2015[1] Petition for Writ of Habeas Corpus filed by Larry Donnell Evans pursuant to 28 U.S.C. § 2254, [6] Respondents' September 16, 2015 motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d) and [7] Petitioner's response filed October 15, 2015.  Having considered the pleadings, exhibits, records on file, briefs and arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that Petitioner's request for federal habeas relief was untimely filed, and the petition should be dismissed with prejudice.

Facts and Procedural History

Larry Donnell Evans is presently confined at Central Mississippi Correctional Facility (CMCF) at Pearl, Mississippi where Ron King is superintendent.  Evans is in custody of the Mississippi Department of Corrections (MDOC) serving two sentences totaling 35 years for convictions of armed robbery and manslaughter from Hinds County, Mississippi.  According to the MDOC web site, Evans' tentative release date is October 26, 2040.  In three counts of a four-count indictment returned June 6, 2006 in the Circuit Court for the First Judicial District of

---

[1]Evans did not date his petition, but it was stamped by the prison as legal mail July 23, 2015, and was received and filed by the Clerk on July 29, 2015. [1-2]

Hinds County, Evans was charged, as a habitual offender, with killing and murdering Dalijt Singh while in the commission of robbery (capital murder), with shooting Bharat Bhushan (aggravated assault), and with possessing a firearm after conviction of a felony, all the crimes having occurred on November 3, 2005. [6-1]  On January 12, 2007, Evans pled guilty to "gun manslaughter" and "gun armed robbery," and was sentenced to serve consecutive sentences of twenty years and fifteen years, respectively.  As part of the plea agreement, the State agreed to remand the firearms charge to the files and not to prosecute revocation in another case. [6-2]  Since there is no direct appeal from a guilty plea in Mississippi,[2] Evans' judgments of conviction became final February 11, 2007, at the latest,[3] and his one-year period for filing a federal habeas petition began to run.

On December 10, 2008, Evans filed a motion for post-conviction relief, which the Hinds County Circuit Court denied.  Evans appealed the denial, and the Mississippi Court of Appeals affirmed.  *Evans v. State*, 61 So.3d 922 (Miss. App. 2011).

Law and Analysis

Respondents urge that Evans' habeas petition is untimely filed in violation of the one-year statute of limitations set out in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

---

[2] MISS. CODE ANN. § 99-35-101, "Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed."

[3] The final judgment date is calculated at 30 days after Evans' guilty pleas and sentencing since, when Evans pled guilty, the Mississippi Supreme Court recognized an exception from the statutory prohibition when an appeal from a guilty plea was taken within 30 days and concerned an alleged illegal sentence.  *See*, *Burrough v. State*, 9 So.3d 368, 374 (Miss. 2009).  The exception ceased to exist after the statute was amended effective July 1, 2008.  *Seal v. State*, 38 So.3d 635, 637 (Miss. App. 2010).

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Federal courts are required under § 2244(d)(2) to toll the time during which a properly filed state post-conviction application is pending. *Flanagan v. Johnson*, 154 F.3d 196, 199, n.1 (5th Cir. 1998). A post conviction application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000). An application for state post-conviction relief which is filed outside the limitations period does not affect the one-year time-bar for federal habeas relief and does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired").

Absent a "properly filed" post-conviction application to toll the limitations period, Evans' time for filing a federal habeas petition expired February 11, 2008. The records on file establish that Evans filed no state court post-conviction motion until December 10, 2008, months after the one-year period for filing a federal habeas petition expired. There was no statutory tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2), nor has Evans presented any "rare and exceptional" circumstances to warrant equitable tolling of the limitations period. The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about

the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). *See also Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999)); *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder*, 204 F.3d at 174) ("failure to satisfy the statute of limitations must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify"). To be entitled to equitable tolling, the petitioner must show he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing.[4] *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005). It is the petitioner's burden to establish that he is entitled to equitable tolling, and must show "rare and exceptional circumstances" to warrant such tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The undersigned finds Evans has not met that burden. Since no tolling has occurred, Evans' petition was untimely filed.

## RECOMMENDATION

Based upon the foregoing, the undersigned United States Magistrate Judge recommends that Respondent's motion to dismiss be granted, and Larry Donnell Evans' petition for habeas corpus relief, dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *L.U.Civ.R.,* a party has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to it. Objections must be filed with the clerk of court, served upon the other parties and submitted to the assigned District

---

[4] Evans states in his petition that he hired Robert Tubwell in cause 2009-CT-00524-COA, Evans' appeal from the denial of his December 10, 2008 post-conviction motion, and that Tubwell confused the facts of his case with those of another inmate named Larry Evans. [1, p. 8] The allegations regarding Tubwell's shortcomings in the appeal from the denial of the post-conviction motion are immaterial, since the one-year limitations period for filing a federal habeas petition expired before Evans even filed the post-conviction motion in the trial court.

Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to timely file written objections shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 14th day of December, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE